**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

RICHARD LEE WILLIAMS,      :
                       :
         Plaintiff        :
                       :
vs.                    :
                       :
Physician's Assistant KILGORE,  :    NO. 5:11-CV-319 (MTT)
Warden ROBERT TOOLE, Head Nurse :
McKEE, and Medical Director MULLINS,:
                       :
       Defendants      :    **O R D E R**
_____

      Plaintiff **RICHARD LEE WILLIAMS**, a prisoner at Wilcox State Prison ("WSP"),

has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (Doc. 1).

      He has paid the required initial partial filing fee of $10.97, plus an additional

$4.85.  Plaintiff will be obligated to pay the unpaid balance of $334.18, using the

installment payment plan described in 28 U.S.C. § 1915(b).[1]  The Clerk of Court is

directed to send a copy of this Order to the business manager of WSP.

## I. STANDARD OF REVIEW

      Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial

screening of a prisoner complaint "which seeks redress from a governmental entity or

officer or employee of a governmental entity."  Section 1915A(b) requires a federal court

---

[1]  Under section 1915(b), the prison account custodian shall cause to be remitted to the Clerk of
this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's
account (to the extent the account balance exceeds $10) until the $350 filing fee has been paid
in full.

to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

-2-

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A shall be dismissed on preliminary review).

## II. BACKGROUND

Plaintiff complains about medical care received during his confinement at WSP. On an unspecified date in or before May 2009, Plaintiff was sent to an outside doctor for eye surgery.  He alleges that his eye became infected because he was not sent to follow-up visits with the surgeon.  Plaintiff had knee replacement surgery in May 2009. He suffered an infection from the surgery and was required to have a second surgery in June 2009.  Plaintiff continued to receive extensive care for his knee by doctors outside WSP, including MRIs, other tests, and multiple follow-up visits.  Defendant Physician's Assistant Kilgore saw Plaintiff numerous times and provided physical therapy at WSP.

Kilgore also sought treatment for Plaintiff from outside doctors.  Plaintiff complains about the quality of care he received and about Kilgore's refusal to provide all Plaintiff's medical records to certain outside doctors.  According to Plaintiff, an orthopedist "testified" that he would not have operated on Plaintiff's knee had he seen the original MRI.

Plaintiff's only allegations against the remaining Defendants - Warden Robert Toole,  Head Nurse McKee, and Medical Director Mullins - are that Plaintiff spoke with them many times about the examination report and Plaintiff's constant pain.

As relief, Plaintiff seeks damages for his past, present, and future pain and suffering.

### III.  DISCUSSION

As an initial matter, section 1983 claims in Georgia must be filed within two years after the allegedly unconstitutional conduct occurs.  ***Williams v. City of Atlanta***, 794 F.2d 624, 626 (11th Cir. 1986).  Because Plaintiff's complaint is dated August 9, 2011, his claims relating to events occurring **before** August 9, 2009, including his eye surgery and two knee surgeries, are generally barred by the statute of limitations.  The Court will therefore consider below only Plaintiff's claims arising on or after August 9, 2009.

In ***Estelle v. Gamble***, 429 U.S. 97, 104 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'. . . proscribed by the Eighth Amendment."

-4-

The **Estelle** test is two pronged:  (2) the prisoner's medical needs must be serious; and (2) there must be deliberate indifference on the part of the defendants.  A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  **Farrow v. West**, 320 F.3d 1235, 1243 (11th Cir. 2003).  In order to establish deliberate indifference, a prisoner must show that a "defendant actually knew of 'an excessive risk to an inmate's health' and disregarded that risk."  **Campbell v. Sikes**, 169 F.3d 1353, 1364 (11th Cir. 1999) (quoting **Farmer v. Brennan**, 511 U.S. 825, 837 (1994)).  The prisoner must show some purposeful or intentional denial of necessary medical treatment, or at least that the treatment given was so grossly incompetent as to shock the conscience.  **Mandel v. Doe**, 888 F.2d 783 (11th Cir. 1989); **Washington v. Dugger**, 860 F.2d 1018 (11th Cir. 1988).  The mere allegation of improper or untimely treatment, without more, states at most a claim for medical malpractice cognizable under state law.  **Id; see also Howell v. Evans**, 922 F.2d 712 (11th Cir.), **vacated as moot**, 931 F.2d 711 (1991), **reinstated by unpublished order, sub. nom Howell v. Burden**, 12 F.3d 190, 191 (1994).

Defendants WSP Warden Robert Toole, WSP Head Nurse McKee, and WSP Medical Director Mullins do not appear to have been directly involved in Plaintiff's medical treatment.  "[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or

vicarious liability." ***Hartley v. Parnell***, 193 F.3d 1263, 1269 (11th Cir.1999) (quotation marks omitted).  Instead, a supervisor may be liable only if he:  "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would." ***Gross v. White***, 2009 WL 2074234 at *2 (11th Cir. July 17, 2009) (citing ***Goebert v. Lee County***, 510 F.3d 1312, 1331 (11th Cir. 2007)).  Plaintiff has not alleged any of the above prerequisites for supervisory liability against Toole, McKee, and Mullins.

As to Defendant Physician's Assistant Kilgore, Plaintiff states that Kilgore twice ordered that Plaintiff "continue" with physical therapy.  Moreover, Plaintiff states that he "went to a different orthopedist doctor every other month" and had several surgeries and tests.  Kilgore provided Plaintiff physical therapy and was active in his care, including seeking the services of outside orthopedists.  Even if Kilgore failed to provide Plaintiff's records to the outside physicians, clearly Kilgore did not act with deliberate indifference to Plaintiff's medical needs.

### IV.  CONCLUSION

Based on the foregoing, the instant complaint is hereby **DISMISSED** under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.

**SO ORDERED**, this 23rd day of September, 2011.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

cr